1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

MAYNOR GONZALEZ-GARCIA,

Defendant.

Case No. 12-MJ-2153-RBB

**FINDINGS OF FACT AND ORDER OF DETENTION**

In accordance with § 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. § 3141 et seq.), a detention hearing was held on June 21, 2012, to determine whether defendant Maynor Gonzalez-Garcia ("Defendant") should be held in custody pending trial on the grounds that Defendant is a flight risk. Assistant U.S. Attorney Jeffrey L. Shih appeared on behalf of the United States. Attorney Sylvia A. Baiz appeared on behalf of Defendant.

Based on the evidence proffered by the United States and Defendant, the Pretrial Services report, and the Complaint, the Court concludes that the following facts establish by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required.

## I. FINDINGS OF FACT

**A.** **Nature and Circumstances of the Offense Charged [18 U.S.C.§ 3142(g)(1)]**

1. Defendant is charged in a Complaint with importing approximately 7.76 kilograms of methamphetamine into the United States, in violation of 21 U.S.C. §§ 952, 960(a).

2. If convicted of this charge, Defendant faces a maximum sentence of life in prison and a mandatory minimum sentence of ten years.

3. Given this potential penalty, under 18 U.S.C. § 3142(e)(3)(A), there is a rebuttable presumption that Defendant should be detained.

**B.**      <u>Weight of the Evidence Against the Defendant [18 U.S.C.§ 3142(g)(2)]</u>

1.      Although this factor is to be given the least weight, there is probable cause to believe Defendant committed the charged offense, which favors detention.

**C.**      <u>History and Characteristics of the Defendant [18 U.S.C.§ 3142(g)(3)]</u>

1.      **Character:** Issues of character were not explicitly raised during the hearing.  This factor will be treated as neutral.

2.      **Physical and Mental Condition:** The Court has some information as to Defendant's physical and mental condition.  This information, however, does not weigh for or against detention.  Therefore, this factor will be treated as neutral.

3.      **Family Ties:** Defendant has substantial family ties in the United States, including Defendant's mother, sisters, brother, aunts, and uncles.  This factor weighs in favor of bail.

4.      **Employment:** The Pretrial Services report states that Defendant is unemployed. Defendant disputes this, stating that Defendant currently has employment.  Even assuming the latter, however, Defendant's current employment would not have been long in duration (as his previous job ended in 2011) and would not provide an anchor to the community.  Therefore, this factor weighs in favor of detention.

5.      **Financial Resources:** Defendant has no known financial resources.  This factor weighs in favor of detention.

6.      **Length of Residence in the Community:** The Defendant has lived in the United States since the age of two.  This factor weighs in favor of bail.

7.      **Community Ties and Past Conduct:** The "community ties" and "past conduct" factors implicate considerations that are duplicative of other findings already made by the Court in this Order.  As a result, these factors will be treated as neutral.

8.      **History Relating to Drug or Alcohol Abuse:** Defendant has a medical marijuana card, indicating drug use and/or abuse.   This factor weighs in favor of detention.

9.      **Criminal History:** Defendant has a criminal history that includes felony and misdemeanor convictions.  This factor weighs in favor of detention.

1        **10.     Record Concerning Appearance at Court Proceedings and on Probation,**

2   **Parole or Other Release:** Defendant's record includes two failures to appear in connection with

3   a burglary conviction and additional failures to appear in connection with traffic matters.

4   Defendant's record also indicates that Defendant is currently on probation from his forgery

5   conviction.  Therefore, this factor weighs in favor of detention.

6                  **II. <u>CONCLUSIONS REGARDING DETENTION</u>**

7        Based on the factors set forth in 18 U.S.C. § 3142(g) and Defendant's failure to rebut the

8   presumption that he should be detained, the Government has satisfied its burden of demonstrating

9   that the Defendant is a flight risk and that no condition or combination of conditions will

10  reasonably assure the appearance of Defendant at future court proceedings in this case.

11                     **III. <u>ORDER</u>**

12       IT IS HEREBY ORDERED that Defendant be detained pending trial in this matter.

13       IT IS FURTHER ORDERED that Defendant be committed to the custody of the Attorney

14  General or the Attorney General's designated representative for confinement in a corrections

15  facility separate, to the extent practicable, from persons awaiting or serving sentences or being held

16  in custody pending appeal.  Defendant shall be afforded reasonable opportunity for private

17  consultation with counsel.

18       While in custody, upon order of a court of the United States or upon the request of an

19  attorney for the United States, the person in charge of the correctional facility shall deliver

20  Defendant to the United States Marshal for the purpose of an appearance in connection with a court

21  proceeding or any other appearance stipulated to by counsel for the defense and for the United

22  States.

23       THIS ORDER IS ENTERED WITHOUT PREJUDICE.

24       IT IS SO ORDERED.

25

26  DATED: June 25, 2012

27                                 THE HONORABLE RUBEN B. BROOKS

                                 United States Magistrate Judge

28